STEVEN H. HANEY, SBN 121980
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone: 213-228-6500
Facsimile: 213-228-6501
E-mail: shaney@hbplaw.com

Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients,
Inc., a California Corporation

FILED

2008 MAY 30 P 12: 18

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>　　　　Plaintiff/Respondent,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>　　　　Defendant/Petitioner. | CASE NO. C08-02109 PVT<br><br>Hon. Judge Patricia V. Trumbull<br>Courtroom 5<br><br>**ANSWER OF DEFENDANT SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., A CALIFORNIA CORPORATION** |

Defendant/Petitioner Sunopta Global Organic Ingredients, Inc., a California corporation (hereinafter "Defendant"), hereby answers the allegations in Plaintiff Milos (1989) Ltd., an Israeli Corporation's ("Plaintiff") complaint as follows:

1.　Defendant lacks information or belief sufficient to answer the allegation in ¶ 1 of the Complaint and based on this ground, denies, both generally and specifically, each and every allegation thereof.

2.　Defendant admits the allegation of ¶ 2.

3.　Defendant admits the allegation in ¶ 3.

ANSWER OF DEFENDANT SUNOPTA GLOBAL
ORGANIC INGREDIENTS, INC.

4. Defendant admits the allegation in ¶ 4.

5. Defendant lacks information or belief sufficient to answer the allegation of ¶ 5, therefore, cannot admit or deny the allegation thereof.

6. Defendant incorporates by reference ¶¶ 1-5 herein in response to ¶ 6 of the Complaint.

7. Defendant denies the allegation in ¶ 7.

8. Defendant denies the allegation in ¶ 8.

9. Defendant incorporates ¶¶ 1-8 as referenced above herein.

10. Defendant denies the allegation in ¶ 10.

11. Defendant denies the allegation in ¶ 11.

12. Defendant incorporates herein what has been stated in ¶¶ 1-11 by reference hereto and incorporates the same as though fully set forth herein.

13. Defendant denies the allegations in ¶ 13.

14. Defendant denies the allegations in ¶ 14.

15. Defendant denies the allegations in ¶ 15.

16. Defendant admits that it entered into an agreement with Plaintiff, however, Defendant denies that Plaintiff Milos delivered and/or tendered to the Defendant, Organic Food Products in compliance with the agreement, otherwise, Defendant lacks information or belief sufficient to answer the remaining allegations of ¶ 16 of the Complaint and based on this assertion and denies such both generally and specifically, the remaining allegations therein.

17. Defendant asserts that ¶ 17 does not provide the terms set forth in the agreement as alleged and on that basis denies both generally and specifically the allegations set forth therein.

18. Defendant denies the allegations in ¶ 18.

19. Defendant denies the allegations in ¶ 19.

20. Defendant lacks information or belief sufficient to answer the remaining allegations in ¶ 20 of the Complaint, and based on this assertion denies both generally

1 and specifically, each and every allegation thereof.

21. Defendant admits that a portion of ¶ 21 exists within the agreement otherwise, defendant lacks information or belief sufficient to answer the remaining allegation in ¶ 21 and on that basis denies, both generally and specifically, each and every allegation thereof as the Complaint does not recite the entire language of the specified Complaint in the agreement.

22. Defendant denies the allegations in ¶ 22.

### FIRST AFFIRMATIVE DEFENSE

1. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The complaint and all claims herein are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3. The Plaintiff's claims in the complaint are barred from obtaining any relief sought in the Complaint by reasons of the Plaintiff's own unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. The Plaintiff's claims and each of them, are barred by the doctrines of estoppel and acquiecence.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims, and each of them are barred by the doctrine of Waiver.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is barred from obtaining a relief sought in the Complaint by reasons that the agreement provides that any disputes be submitted to mediation for which the demand was made and for which Plaintiff failed to comply.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is barred from obtaining a relief sought in the Complaint by reasons that the agreement provides that any disputes be submitted to arbitration for which the demand was made and for which Plaintiff failed to comply. Therefore, all claims sought must be submitted to arbitration pursuant to 9 U.S.C. § 3.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff is barred by obtaining any relief sought in the Complaint by reason of Plaintiff's breach of the agreement with defendant.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff failed to mitigate or minimize damages, if there were any, and Plaintiff failed to properly maintain, or otherwise conduct its activities and failed to take adequate measures to minimize plaintiff's delays, damages, expenditures or adequate measures to minimize Plaintiff's delays, damages, expenditures, and extra costs, if any were incurred.

## TENTH AFFIRMATIVE DEFENSE

10. Defendant at all times acted in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant is informed and believes, and thereon alleges that, if there were injury, if any, suffered by Plaintiff it was caused by the acts, omissions, and wrongdoing of Plaintiff, by virtue of Plaintiff's own acts and/or the acts of others chargeable to Plaintiff, and not any acts, omissions, or wrongdoings by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

12. Defendant is informed and believes, and thereon alleges, that the injury, if any, suffer by Plaintiff was proximately caused or contributed to by the conduct, acts, omissions, and/or activities of a third party and/or parties either named or unnamed, and any recovery obtained by Plaintiff should be barred and/or reduced according to law, up to and including the whole amount thereof.

## THIRTEEN AFFIRMATIVE DEFENSE

13. Defendant is informed and believes, and thereon alleges, that if Defendant is subject to any liability by Plaintiff herein, it will be due in whole and/or in part by the conduct, acts, omissions and/or activities of a party and/or parties unknown to Defendant at this time, and any recovery obtained by Plaintiff should be barred and/or reduced according to law, up to and including the whole thereof.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.  Defendant is informed and believes, and thereon alleges, that Defendant is not liable for the independent acts of third parties and Plaintiff's injuries and damages, if any, that are attributable to the acts of third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.  Defendant is informed and believes, and thereon alleges that Plaintiff's damages, if any, are set off by any value and/or benefit Plaintiff obtained through it's own conduct and/or contributed toward any negligence of Plaintiff, and any recovery obtained by Plaintiff should be barred and/or reduced according to law, up to and including the whole amount thereof.

WHEREFORE, Defendant prays for an order compelling arbitration of the controversy in accordance with the Agreement and for such other and further relief as the Court deems proper.

A.  Plaintiff's Complaint be dismissed with prejudice in its entirety;

B.  That the Court issue a Stay on all proceedings;

C.  That the Court order this matter to Mediation as provided for in the Agreement;

D.  That this Court order this matter to Arbitration as provided for in the Agreement;

E.  That Judgment be entered in favor of Defendant;

F.  For an award of attorneys fees and costs incurred in defending this action; and

///
///
///
///
///
///

ANSWER OF DEFENDANT SUNOPTA GLOBAL
ORGANIC INGREDIENTS, INC.                    - 5 -

G. For such other and further relief as this Court may deem just and equitable under the circumstances.

Dated: May 29, 2008

HANEY, BUCHANAN & PATTERSON, LLP

By: _____
STEVEN H. HANEY
Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.