ORIGINAL

VIA FAX

HANEY, BUCHANAN & PATTERSON L.L.P.
707 WILSHIRE BOULEVARD
FIFTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90017
(213) 228-6500

1  STEVEN H. HANEY, SBN 121980
   HANEY, BUCHANAN & PATTERSON L.L.P.
2  707 Wilshire Boulevard, Fifty-Third Floor
   Los Angeles, California 90017
3  Telephone: 213-228-6500
   Facsimile: 213-228-6501
4  E-mail:    shaney@hbplaw.com

5  Attorneys for Defendant/Petitioner
   Sunopta Global Organic Ingredients,
6  Inc.

**FILED**

2008 MAY 30 P 12: 18

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>Defendant/Petitioner. | CASE NO. C08-02109 PVT<br><br>Hon. Judge Patricia V. Trumbull<br><br>**NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING ARBITRATION**<br><br>Date:      July 1, 2008<br>Time:     10:00 a.m.<br>Courtroom: 5 |

TO PLAINTIFF MILOS (1989) LTD., AN ISRAELI CORPORATION AND TO ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, located at 280 S. First Street, #2112, San Jose, CA 95113, Defendant/Petitioner SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation, will hereby move the Court to Stay further proceedings in this case pending arbitration pursuant to 9 U.S.C. § 3 on the ground that the parties hereto agreed in writing that the issues raised in this action would first be subject to mediation and then arbitration and no other, non-arbitration claims are raised in this action.

MOTION AND MOTION TO STAY PROCEEDINGS

claims are raised in this action.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Petition for Arbitration, the Declaration of Steven H. Haney, the pleadings, records and papers filed herein, and such other and further oral documentary evidence and legal memoranda as may be presented at or by the hearing on said motion.

Dated:  May 29, 2008          HANEY, BUCHANAN & PATTERSON, LLP

By: _____
STEVEN H. HANEY
Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.
a California Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This case arises out of an agreement entered into between the parties on or about February 16, 2006, a true and correct copy which is attached to the Declaration of Steven H. Haney, as Exhibit "A" states at ¶ 23 that all disputes between the parties would be submitted to mediation as follows:

> "In the event of a dispute, claim or difference arising out of or in connection with this contract, the parties agree to first enter into a non-binding Mediation through the International Mediation and Arbitration Center (IMAC) located at its offices in London, England, under its Mediation Rules current at the date the dispute is referred to Mediation. The Mediation will take place in London, England. If the parties resolve the dispute, claim or difference at Mediation or thereafter by written settlement Agreement, in the event of a breach of the settlement Agreement, it could be entered as a Judgment in any court of competent jurisdiction, without regarding to any conflicts of law, in any country in the world including but not limited to the United States and Israel. The cost of the Mediation shall be borne by the parties equally."

Then at Paragraph 24, the parties agreed that if the matter cannot be resolved through mediation through IMAC that the matter would be resolved through a neutral binding arbitration as follows:

> "If any dispute, claim or difference between the parties is not resolved by Mediation through IMAC, it shall be determined through neutral binding arbitration in England under IMAC. The parties will select one Arbitrator from the IMAC panel.

MOTION AND MOTION TO STAY PROCEEDINGS   - 3 -

The Application for a judicial order of attachment, receivership, injunction or other provisional remedy shall not constitute a waiver of the right to arbitrate under this provision. Any Order, Decision or Award by the appointed Arbitrator can (without regarding to any conflicts of law), in the event of non-compliance, be entered as a Judgment in any court of competent jurisdiction in any country of the world including but not limited to the United States of America and Israel."

On December 11, 2007, Defendant and Petitioner herein sent the Plaintiff/Respondent Milos a Demand for Arbitration as provided for in the Agreement between the parties. A (Haney Decl.)

Rather than submitting to the Arbitration as provided for in the Agreement, Plaintiff responded filed a Complaint, Case No. CO802109 PVT. Concurrently with this motion, Defendant/Petitioner filed an Answer to the Complaint together with a Petition requesting the Court to issue an Order for Arbitration as provided for in the agreement between the parties.

II.

<u>THIS COURT IS OBLIGATED TO ISSUE A STAY
ON ALL PROCEEDINGS HEREIN SO THAT THE
MATTER CAN BE SUBMITTED FOR MEDIATION AND ARBITRATION
AS PROVIDED FOR IN THE AGREEMENT BETWEEN THE PARTIES</u>

A party to a lawsuit pending in either State or Federal Court may seek a stay of the court pending arbitration of one or more issues raised in such litigation. *Wagner v. Stratton Oakmont, Inc. (9th Cir. 1996) 83 F.3d 1046, 1048; Subway Equipment Leasing Corporation v. Forte (5th Cir. 1999) 169 F.3d 324, 329.*

9 U.S.C. § 3 is quite clear that the Court is obligated to issue a Stay on all proceedings pending arbitration. "If any suit or proceeding be brought in any of the

courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.</u> " (Emphasis added) Thus, there are to be no court proceedings on matters subject to arbitration until the arbitration which was contracted for by the parties is complete. *USM Corp. v. GKN Fasteners, Ltd. (1978 CA 1 Mass)* 574 F.2d 17.

Nothing in the Federal Arbitration Act authorizes further action by the federal court once the court stays proceedings pending arbitration, except that the court may enforce a subpoena issued by arbitrators or, confirm, vacate, or modify an arbitration award, otherwise, the court must rely on subpoenas issued by the arbitration and should not take action on its own. *Thompson v. Zavin (1984, CD Cal)* 607 F.Supp. 780.

### III.

### CONCLUSION

Based on the foregoing, Defendant/Petitioner respectfully requests the Court to issue a Stay on all proceedings until the matter can be resolved through mediation or arbitration as provided for in the agreement between the parties.

Respectfully submitted,

Dated: May 29, 2008         HANEY, BUCHANAN & PATTERSON, LLP

By: _____
STEVEN H. HANEY
Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.
a California Corporation