STEVEN H. HANEY, SBN 121980
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone: 213-228-6500
Facsimile: 213-228-6501
E-mail: shaney@hbplaw.com

Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.

FILED

2008 MAY 30 P 12: 19

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>Defendant/Petitioner. | CASE NO. C08-02109 PVT<br><br>**NOTICE OF PETITION AND PETITION FOR ORDER COMPELLING ARBITRATION**<br><br>Date: July 1, 2008<br>Time: 10:00 a.m.<br>Ctroom: 5 |

TO PLAINTIFF MILOS (1989) LTD., AN ISRAELI CORPORATION AND TO ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, located at 280 S. First Street, #2112, San Jose, CA 95113, Defendant/Petitioner SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation, will hereby Petition the Court to petition for an order compelling arbitration.

///

This petition will be based on this Notice of Petition and Petition for Order Compelling Arbitration, the records and papers filed herein and such other and further oral documentary evidence and legal memoranda as ma be presented at or by the hearing on said petition.

DATED: May 29, 2008           HANEY, BUCHANAN & PATTERSON

By: _____
STEVEN H. HANEY
Attorneys for Defendant/Petitioner Sunopta Global Organic Ingredients, Inc.

Defendant/Petitioner Sunopta Global Organic Ingredients, Inc., a California corporation (hereinafter "Defendant/Petitioner"), hereby alleges:

1. This Petition involves a dispute between a citizen of different states, a California corporation, and an Israeli corporation. Defendant/Petitioner is a California based corporation with its principal place of business located in 335 Spreckels Drive, Ste. F, Aptos, California, 95003 and the Plaintiff/Respondent is an Israeli corporation with its principal place of business in Mobile Post Western Galilee 22821, Israel.

2. The Jurisdiction of this Court over the subject matter of this Petition is predicated on 28 U.S.C. section 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in the District in that the Defendant/Petitioner is subject to personal jurisdiction in this District at the time the action commenced, and there is no district in which the action may be otherwise brought. Further, said Agreement referenced herein was entered into and was to be performed within the territory of the United States and Canada, and the parties agreed in paragraph 26 of the Agreement that any dispute arising from the Agreement and to enforce the parties' right to mediate or arbitrate under this Agreement shall take place in the appropriate Court of the United States of America.

4. On February 16, 2006, Plaintiff/Respondent Milos (1989) Ltd., an Israeli corporation (hereinafter "Plaintiff/Respondent"), and Defendant/Petitioner entered into a written agreement whereby it was agreed that:

> "Organic Ingredients, Inc. ("OI") and Milos mutually desire that Milos produce, process, and pack for OI the organic food products described on Exhibit (A) attached hereto and incorporated herein by this reference ('Organic Products'). OI desires to manage the sales of all organic products, to act as Milos' sole and exclusive marketing agent for the organic products within the United States and Canada, and to compensate Milos for its production, packing, and processing services within the agreed upon

terms."

5. Based on the recital, an Agreement was entered into relative to the quantity and schedule, price, invoicing and payment terms and exclusivity arrangement between the parties. A true and correct of the Agreement is attached and incorporated herein as Exhibit "A".

6. Paragraph 23 of the Agreement provides that any disputes relative to this Agreement shall be submitted to Mediation and states:

> "In the event of a dispute, claim or difference arising out of or in connection with this contract, the parties agree to first enter into a non-binding Mediation through the International Mediation and Arbitration Center (IMAC) located at its offices in London, England, under its Mediation Rules current at the date the dispute is referred to Mediation. The Mediation will take place in London, England. If the parties resolve the dispute, claim or difference at Mediation or thereafter by written settlement Agreement, in the event of a breach of the settlement Agreement, it could be entered as a Judgment in any court of competent jurisdiction, without regarding to any conflicts of law, in any country in the world including but not limited to the United States and Israel. The cost of the Mediation shall be borne by the parties equally."

7. Paragraph 24 of the Agreement provides that any disputes relative to this Agreement shall be submitted to Arbitration and states:

> "If any dispute, claim or difference between the parties is not resolved by Mediation through IMAC, it shall be determined through neutral binding arbitration in England under IMAC. The parties will select one Arbitrator from the IMAC panel. The Application for a judicial order of attachment, receivership, injunction or other provisional remedy shall not constitute a waiver of the right to arbitrate under this provision. Any Order, Decision or Award by the appointed Arbitrator can (without regarding to any

conflicts of law), in the event of non-compliance, be entered as a Judgment in any court of competent jurisdiction in any country of the world including but not limited to the United States of America and Israel."

8. A controversy has arisen out of the Agreement. The controversy is as follows:

    A. Defendant/Petitioner asserts that the Plaintiff/Respondent breached the Agreement by not allowing Defendant/Petitioner to acquire product from Plaintiff/Respondent as per the Agreement. Plaintiff/Respondent provided inferior and defective products which resulted in Defendant/Petitioner being damaged due to Defendant/Petitioner's customers rejecting said products. Defendant/Petitioner has claims for breach of contract, unfair competition, and seeks consequential damages, lost profits, and loss of business reputation.

    B. Plaintiff/Respondent asserts claims for money, open book account, account stated, goods sold and delivered/tendered, and breach of contract as referenced in the Complaint filed by Plaintiff/Respondent herein.

    C. On December 11, 2007, Defendant/Petitioner requested Plaintiff/Respondent to proceed with Mediation and with the arbitration of said controversy in the manner provided in the Agreement, but Plaintiff/Respondent refused, and continues to refuse, to do so.

WHEREFORE, Defendant/Petitioner prays for an order compelling arbitration of the controversy in accordance with the Agreement and for such other and further relief as the Court deems proper.

    A. Its Complaint be dismissed with prejudice in its entirety;

    B. That the Court issue a Stay on al proceedings;

    C. That the Court order this matter to Mediation as provided for in the Agreement.

    D. That this Court order this matter to Arbitration as provided for in the Agreement.

Case 5:08-cv-02109-PVT    Document 8    Filed 05/30/2008    Page 6 of 6

E. That Judgment be entered in favor of Defendant,

F. For an award of attorneys fees and costs incurred in defending this action; and

G. For such other and further relief as this Court may deem just and equitable under the circumstances.

Dated: May 29, 2008

HANEY, BUCHANAN & PATTERSON, LLP

By: _____
STEVEN H. HANEY
Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.

PETITION TO COMPEL ARBITRATION        - 6 -