Law Offices of
MATTHEW C. MICKELSON
MATTHEW C. MICKELSON, ESQUIRE, BAR NO. 203867
16055 Ventura Boulevard
Suite 1230
Encino, California 91436-2602
Tel:   (818) 382-3360
Fax:   (818) 382-3364
E-mail: mattmickelson@bizla.rr.com
Attorneys for Plaintiff, MILOS (1989) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>                    Defendant. | CASE NO. C08-02109 PVT<br><br>PLAINTIFF MILOS (1989) LTD.'S OPPOSITION TO DEFENDANT SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC.'S PETITION FOR ORDER COMPELLING ARBITRATION AND MOTION TO STAY ACTION PENDING ARBITRATION; DECLARATION OF MATTHEW C. MICKELSON IN SUPPORT THEREOF; [PROPOSED] ORDER<br><br>DATE:          July 1, 2008<br>TIME:          10 a.m.<br>COURTROOM:  5<br>                    Hon. Patricia Trumbull |

## I.

## INTRODUCTION – STATEMENT OF ISSUES TO BE DECIDED

Defendant SunOpta Global Organic Ingredients, Inc. (hereinafter "OI") has filed two motions with this Court – a Petition for an Order Compelling Arbitration, and a Motion for a Stay Pending Arbitration. Both should be denied on two grounds:

**First**, both were filed and served in violation of Civil Local Rule 7-2(a). That Rule requires that motions be filed and served at least 35 days before the date of the hearing. Here, both the Petition and the Motion were filed only 32 days prior to the date of the hearing. ccordingly, the Petition and Motion should be denied for failure to follow the procedural notice and filing rules of this Court.

**Second**, OI cannot enforce the arbitration provisions of the contract between the parties because it has violated that provision. In early March, Plaintiff Milos (1989) Ltd. (hereinafter "Milos") demanded mediation of this matter; OI refused to participate in mediation or even respond to the mediation demand until the filing of the instant Petition. Such participation in mediation is a prerequisite to arbitration under the agreement between the parties. Earlier "demands for mediation" made by OI before it knew Milos had acquired counsel were, as is shown below, shams. In any event, by refusing to participate in mediation, OI violated the mediation/arbitration provisions of the agreement between the parties, and under the authority of *Brown v. Dillard's Inc*. (9th Cir. 2005) 430 F.3d 1004, 1010-1012, it thereupon lost its right to enforce those provisions.

The Court should deny the Petition for and Order Compelling Arbitration and the Motion for a Stay Pending Arbitration.

## II.

## STATEMENT OF FACTS

On or about February 16, 2006, Milos and OI entered into a Packing/Processing & Marketing Agreement. (Declaration of Matthew C. Mickelson ["Mickelson Decl."] Exh. "A.") Paragraph 23 of the Agreement provides that "[i]n the event of a dispute, claim or difference arising out of or in connection with this contract, the parties agree to first enter into non-binding Mediation through the International Mediation and Arbitration Center (IMAC) located at its offices in London . . . ." (*Id.*)

Paragraph 24 of the Agreement states that "[i]f any dispute, claim or difference between the parties is not resolved by Mediation through IMAC, it shall be determined through neutral binding arbitration in England under IMAC."

On December 19, 2007, OI's attorney Steven H. Haney sent to Milos a letter regarding arbitration of the dispute between OI and Milos. (*Id*. at Exh. "B.") The letter "demand[ed] arbitration," but simultaneously asked for mediation to be conducted in Los Angeles. Milos did not respond to this self-styled demand for arbitration/mediation. (*Id.*)

On February 8, 2008, Steven H. Haney sent to Milos a letter regarding mediation. (*Id*. at Exh. "C.") This letter stated that mediation should be completed under the Milos-OI agreement, and demanded that such mediation be completed by February 21, 2008.

Milos responded to OI's February 8, 2008 letter. On February 19, 2008, Milos's counsel, Matthew C. Mickelson, sent to Steven Haney a letter regarding mediation and settlement of the Milos-OI dispute. (*Id*. at Exh. "D.") The letter stated that Milos "intends to abide by the Agreement, including its mediation and arbitration provisions," but requested information from OI about its damages claims before mediation in order to increase the possibility of a successful mediation. Neither OI nor its attorneys ever responded to this letter. On February 27, 2008, Mr. Mickelson called Mr. Haney and left him a message asking him to call about the February 19,

2008 letter. Mr. Haney never responded to that letter. (*Id*. at ¶ 6.)

Given that OI had suddenly failed to respond to any requests for mediation once it was clear that Milos had counsel, on March 11, 2008, Mr. Mickelson sent to Joseph Stern, the president of SunOpta Global Organic Ingredients, Inc., a letter demanding mediation under the Agreement. (*Id*. at Exh. "E.") The letter requested that OI contact Mr. Mickelson by March 21, 2008 to inform him if it intended to comply with the mediation demand.

OI did not respond affirmatively to Milos's demand for mediation. Instead, on March 18, 2008, another attorney at Mr. Haney's firm called Mr. Mickelson, not to discuss the mediation issue, but rather to assert that he would send documents supporting OI's claims regarding its defenses to Milos's claims for damages within one week. (*Id.* at ¶ 8.) By March 25, 2008, no such documents were received, and accordingly Mr. Mickelson sent a letter demanding such information and noting that by failing to respond to the mediation demand, Milos had the right to commence a lawsuit against OI. (*Id.* at Exh. "F.")

On April 1, 2008, Mr. Mickelson finally received a letter from Mr. Haney providing two documents that allegedly supported OI's claims for damages. The letter did not discuss or mention mediation or arbitration issues. (*Id*. at Exh. "G.")

Since the documents purporting to show damages caused to OI by Milos clearly did no such thing, on April 2, 2008, Mr. Mickelson sent to Mr. Haney a letter regarding that documentation. The letter asserted that unless OI wired to Milos certain undisputed funds, Milos would file suit against OI.. (*Id.* at Exh. "H.") On April 11, 2008, Mr. Mickelson received a telephone message from Mr. Haney, who stated that he was asking OI for more documents to support its contentions. Neither mediation nor arbitration was mentioned in this message. (*Id* at. ¶ 10.) No such documents, or any other communication from OI, was ever received. (*Id.*) The instant lawsuit followed.

## III.

## ARGUMENT

**A.    OI's Petition and Motion Should be Denied Because They Were Served and Filed Without the Required Minimum Notice to Milos.**

Civil Local Rule 7-2(a) requires that a motion be filed and served no less than 35 days before the hearing on the motion.

OI's Motion and Petition were filed in paper format on May 30, 2008. This is only 32 days from the date of the hearing for the Motion and Petition, which is set for July 1, 2008. Accordingly, OI has violated Civil Local Rule 7-2(a) by failing to serve and file the Motion and Petition in a timely fashion, and therefore the Motion and Petition should be denied.

**B.    OI Breached The Mediation/Arbitration Provisions of the Agreement, and Accordingly Cannot Enforce the Mandatory Arbitration Provision.**

A party that preliminarily fails to participate in arbitration when it is a party to a contract with an arbitration clause cannot invoke that clause to compel arbitration when it has been sued in court. (*Brown v. Dillard's Inc*. (9th Cir. 2005) 430 F.3d 1004, 1010-1012.) In *Brown*, a defendant consistently failed to participate in arbitration despite the fact that the plaintiff sought to arbitrate the case. (*Id.* at 1008-1009.) When plaintiff then filed suit, defendant sought to compel arbitration. (*Id.* at 1009.) The court denied arbitration, finding that the defendant's refusal to participate in arbitration was a violation of the arbitration provision in the contract between the parties, and that accordingly the defendant could not enforce a contractual provision that it had violated. (*Id.* at 1010-1012.) (*See also Cox v. Ocean View Hotel Corp*. (D. Hawaii 2006) 433 F.Supp.2d 1171 [citing *Brown* and employing same reasoning to deny motion to

compel arbitration].)

Here, OI failed to participate in mediation despite Milos's continuous requests that OI participate in such a mediation. Under the terms of the Agreement between the parties, failure to participate in mediation was failure to participate in arbitration; paragraph 24 of the Agreement, which concerns arbitration, states that "[i]f any dispute, claim or difference between the parties is not resolved by Mediation through IMAC, it shall be determined through neutral binding arbitration in England under IMAC." (Mickelson Decl. at Exh. "A.") Accordingly, since under the Agreement mediation is a prerequisite to arbitration, a refusal to mediate must be considered a refusal to arbitrate as well.

And here, despite a few sham requests for mediation, OI clearly refused to mediate this case. It is true that OI's counsel sent out two self-styled demands for mediation and/or arbitration. (*Id*. at Exhs. "B" and "C.") Both demands were directed toward Milos and not its counsel, since OI did not know at that point that Milos had obtained counsel to represent its interests. The moment that Milos obtained counsel, who contacted OI's lawyer for the first time on February 19, 2008 (*id*. at Exh. "D"), the demands for mediation and/or arbitration ended. In fact, Milos soon demanded mediation under the Agreement, a demand which was totally ignored until the filing of the instant lawsuit. (*Id.* at ¶¶ 7-10.) Why would OI act this way, running hot and cold on its demands for mediation, asking for it and then falling silent and refusing to participate once Milos in turn demanded mediation? Most likely, the early OI demands – made before it knew Milos had acquired counsel – were manufactured to throw into the arena supposed damages suffered by OI, all in an effort to intimidate and squelch any legal action being contemplated by Milos. Once it was clear that tactic had failed, and when the prospect of real litigation had arisen, OI's desire for mediation ended, and it turned to another set of delaying tactics -- by providing manifestly insufficient documentation to support its alleged damages and by promising yet failing to deliver more. The earlier "demands for mediation" were mere shams, employed to delay or intimidate, and abandoned once that tactic failed.

In any event, whatever OI's motivations, it violated the Agreement's

mediation/arbitration provisions by failing to participate in mediation for several months after Milos's original March 11, 2008 demand for mediation. It therefore cannot enforce the Agreement's arbitration provisions. Just as in *Brown v. Dillard's Inc.*, *supra*, 430 F.3d at 1010-1012, OI refused to participate or even respond to demands for mediation – which was a prerequisite to arbitration. By doing so, OI breached the mediation and arbitration provisions of the Agreement, and therefore it cannot use legal process to enforce those provisions.

**C.   The Motion for a Stay Should be Denied.**

The Motion for a Stay is predicated on OI's argument that it should be able to compel arbitration. Since, for the reasons provided above, the Petition to compel arbitration should be denied, the motion for a stay should also be denied.

## IV.
## CONCLUSION

For the reasons stated above, Milos (1989) Ltd. requests that the Court deny Defendant SunOpta Global Organic Ingredients, Inc.'s. Petition for an Order Compelling Arbitration and Motion for a Stay Pending Arbitration.

DATED: June 9, 2008
　　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF
　　　　　　　　　　　　　　　　　　　　　MATTHEW C. MICKELSON


　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　MATTHEW C. MICKELSON
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff MILOS (1989)
　　　　　　　　　　　　　　　　　　　　　　LTD.