STEVEN H. HANEY, SBN 121980
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone: 213-228-6500
Facsimile: 213-228-6501
E-mail: shaney@hbplaw.com

Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients,
Inc., a California Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>　　　　Plaintiff/Respondent,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>　　　　Defendant/Petitioner. | CASE NO. C08-02109 PVT<br><br>Hon. Judge Patricia V. Trumbull<br>Courtroom 5<br><br>**REPLY TO PLAINTIFF MILOS (1989) LTD.'S OPPOSITION TO DEFENDANT SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC.'S PETITION FOR AN ORDER COMPELLING ARBITRATION; AND MOTION TO STAY ACTION PENDING ARBITRATION; DECLARATIONS OF BRUCE A FIELDS, AND STEVEN H. HANEY IN SUPPORT THEREOF**<br><br>Date:　　July 1, 2008<br>Time:　　10:00 a.m.<br>Ctrm:　　5 |

///
///
///

---

REPLY TO MILOS' OPPOSITION OF DEFENDANT SUNOPTA GLOBAL
ORGANIC INGREDIENTS, INC.

# I.

## INTRODUCTION

Defendant and Petitioner SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., hereinafter ("OI") replies to the Plaintiff's Opposition as follows:

With respect to Local Rule 7-2(a), counsel for Plaintiff has waived the objection to the fact that the motion was filed and served thirty-two (32) days prior to the date of the hearing. (Fields Decl. ¶2). Therefore, the objection to our failure to comply with Local Rule 7.2 is no longer at issue.

Contrary to the Plaintiff's contention that Defendant and Petitioner violated the arbitration provision of the Agreement is without factual support. Defendant and Petitioner initially requested arbitration from Plaintiff through the International Mediation and Arbitration Center as provided for in the Agreement between the parties and later requested mediation as provided in the Agreement. The parties were corresponding through Counsel and Defendant/Petitioner was in the process of providing the Plaintiff documentation to further discuss the potential resolution of this matter. Plaintiff then hastily filed this lawsuit. Plaintiff failed to comply with the provisions of the Agreement which requires submitting the claims to the International Mediation and Arbitration Center ("IMAC"), which provides rules and procedures to follow in this regard. (Fields. Decl.¶ 3)

The case authority relied upon by Plaintiff in opposing Defendant's Petition are clearly distinguishable and not applicable to the facts of this case. Defendant never waived its right to arbitration and never refused to arbitrate which was the basis for the Court denying the Request for Arbitration in the cases of *Brown v. Dillard's, Inc.* (9th Cir. 2005) 430 F.3d 1004 and *Cox v. Ocean View Hotel Corp.* (D.Hawaii 2006) 43 F.Supp.2d 1171, relied on by Plaintiff.

Thus, this Court should grant the Petition and issue the Stay as requested.

///

///

## II.

## **STATEMENT OF FACTS**

As stated in the Opposition papers, Defendant did make a demand for arbitration on December 19, 2007 and then on February 8, 2008 sent a letter requesting mediation. The parties thereafter began to communicate by telephone and correspondence through counsel. As part of those communications, Defendants agreed to provide documentation to the Plaintiff so that further discussions could be held for a potential resolution of the claims between the parties. Defendants did in fact supply a damages matrix to Plaintiff as part of these discussions, and agreed to provide and was in the process of preparing a factual chronology to establish liability.

Rather than to wait for the chronology, Plaintiff's counsel ended the discussions between the parties by setting forth an arbitrary drop-dead date of April 9, 2008 for Defendant to forward the monies demanded by Plaintiff. Plaintiff's conduct is improper for at least two reasons;

First, the parties were still exchanging information and documents to facilitate the upcoming Mediation,

Second, Plaintiff failed to follow proper procedures of the IMAC which requires a demand for mediation submission to the IMAC with Case Management Fees (See Commercial Mediation Rules of IMAC) Exhibit "B," or alternatively, in the case of pursuing at arbitration, the party has to initiate arbitration by submitting a written demand for arbitration to IMAC with the appropriate Case Management Fees. (See Commercial Arbitration Rules, Exhibit "B"). The Plaintiff failed to comply with these rules knowing that the contract provided the IMAC as the proper forum. Thus, it was the Plaintiff that breached the obligation of proceeding with arbitration before filing this lawsuit.

///

///

///

## III.

## ARGUMENT

### A. THE LACK OF MINIMUM NOTICE TO PLAINTIFF HAS BEEN WAIVED BY COUNSEL

Upon receiving the Opposition from Plaintiff's counsel, Defendant's counsel immediately contacted Plaintiff's counsel and a requested a waiver of Local Rule 7.2(a) as Defendant's counsel acknowledged that the service of the Motion and Petition only provided thirty-two (32) days notice from the date of the hearing. Counsel for Plaintiff agreed to waive the insufficient notice. (Fields Decl. ¶ 2)

Therefore, Defendant's failure to comply with Local Rule 7-2(a) is no longer at issue.

### B. DEFENDANT NEVER BREACHED THE MEDIATION AND ARBITRATION PROVISIONS OF THE AGREEMENT AND THESE MATTERS SHOULD BE PROPERLY ORDERED TO PROCEED TO MEDIATION AND ARBITRATION AS REQUESTED.

Defendant initially requested that the matter be submitted to arbitration through the IMAC as provided for the Agreement and then later requested that the matter be submitted to mediation as provided for in the Agreement, however, the parties began to initiate discussions toward resolution. The matter was never properly submitted to the IMAC as required and provided by in the Rules that govern the IMAC. The obligations to submit this matter to the IMAC was the mutual obligation of both parties.

The cases cited by Plaintiff, *Brown v. Dillard's, Inc.* (9th Cir. 2005) 430 F.3d 1004 and *Cox v. Ocean View Hotel Corporation* (D. Hawaii 2006) 43 F.Supp.2d 1171 are not applicable to the facts of this case. First and foremost, Defendant <u>never refused</u> to arbitrate or mediate which was the primary criteria which governed the Court's decision

in the matter of *Brown v. Dillard's, Inc.* Secondly, the parties were discussing the potential resolution of the claims informally. There is <u>no provision</u> in the Agreement that the demand for mediation or arbitration must be accomplished within a specified period of time. Either side had the ability and opportunity to properly submit the claims to the IMAC. Defendant was still of the mind-set of continuing discussions without pursuing the formalities as required by the IMAC. Defendant never refused to pursue mediation or arbitration. To the contrary, it was Defendant, and never the Plaintiff, who initially requested Arbitration and Mediation pursuant to the Agreement. There was never any conduct on the part of the Defendant which in any way can be construed that Defendant was refusing to accede to Mediation or Arbitration.

As to the Plaintiff's contention that there may have been some delay in submitting this matter to Arbitration, the Plaintiff must establish that the Plaintiff was prejudiced in some manner. *Johnson v. Couturier* 2007 U.S. District Lexis 81848, (E.D., Cal. 2007); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005). Plaintiff has not and cannot establish prejudice.

Based on the foregoing, the Court should grant Defendants Petition for Arbitration and issue a Stay on these proceedings as requested.

Respectfully submitted,

Dated: June 16, 2008        HANEY, BUCHANAN & PATTERSON, LLP


By: _____
STEVEN H. HANEY
Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.

STEVEN H. HANEY, SBN 121980
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone: 213-228-6500
Facsimile: 213-228-6501
E-mail: shaney@hbplaw.com

Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>　　　　Plaintiff/Respondent,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>　　　　Defendant/Petitioner. | CASE NO. C08-02109 PVT<br><br>Hon. Judge Patricia V. Trumbull<br><br>**DECLARATION OF STEVEN H. HANEY** |

I, Steven H. Haney, declare:

I am a partner in the firm of Haney, Buchanan & Patterson, attorneys for Defendant/Petitioner Sunopta Global Organic Ingredients, Inc. and am duly licensed to practice before all the courts in the State of California. I have personal knowledge of the above-captioned matter and could competently testify thereto if called upon to do so.

1.　Our office representing the Defendant and Petitioner in this action did make a demand on the Plaintiff in this case to submit this matter for arbitration pursuant to the arbitration clause set forth in the Agreement on December 19, 2007.

///

in the matter of *Brown v. Dillard's, Inc.* Secondly, the parties were discussing the potential resolution of the claims informally. There is no provision in the Agreement that the demand for mediation or arbitration must be accomplished within a specified period of time. Either side had the ability and opportunity to properly submit the claims to the IMAC. Defendant was still of the mind-set of continuing discussions without pursuing the formalities as required by the IMAC. Defendant never refused to pursue mediation or arbitration. To the contrary, it was Defendant, and never the Plaintiff, who initially requested Arbitration and Mediation pursuant to the Agreement. There was never any conduct on the part of the Defendant which in any way can be construed that Defendant was refusing to accede to Mediation or Arbitration.

As to the Plaintiff's contention that there may have been some delay in submitting this matter to Arbitration, the Plaintiff must establish that the Plaintiff was prejudiced in some manner. *Johnson v. Couturier* 2007 U.S. District Lexis 81848, (E.D., Cal. 2007); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005). Plaintiff has not and cannot establish prejudice.

Based on the foregoing, the Court should grant Defendants Petition for Arbitration and issue a Stay on these proceedings as requested.

Respectfully submitted,

Dated: June 16, 2008        HANEY, BUCHANAN & PATTERSON, LLP


By: _____
STEVEN H. HANEY
Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.

REPLY TO MILOS' OPPOSITION OF DEFENDANT SUNOPTA GLOBAL
ORGANIC INGREDIENTS, INC.         - 5 -