STEVEN H. HANEY, SBN 121980
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone: 213-228-6500
Facsimile: 213-228-6501
E-mail: shaney@hbplaw.com

Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>Defendant/Petitioner. | CASE NO. C08-02109 PVT<br><br>Hon. Judge Patricia V. Trumbull<br><br>**DECLARATION OF BRUCE A. FIELDS** |

I, Bruce A. Fields, declare:

I am associated with the firm of Haney, Buchanan & Patterson, attorneys for Defendant/Petitioner Sunopta Global Organic Ingredients, Inc. and am duly licensed to practice before all the courts in the State of California, and have submitted an application for admission to the U.S. District Court, Northern District. I have personal knowledge of the above-captioned matter and could competently testify thereto if called upon to do so.

1. Upon receiving Plaintiff's Opposition to the Petition for Arbitration and Request for Stay. I e-mailed Plaintiff's counsel requesting that he waive his objection

---
DECLARATION OF BRUCE A. FIELDS

to our failure to provide proper notice pursuant to Local Rule 7-2(a) as we only provided 32 days notice as referenced by Plaintiff's counsel. So that we can proceed with the hearing date of July 1, 2008, counsel agreed to waive the objection in this regard. A true and correct copy of the e-mail memorializing this Agreement is attached hereto as Exhibit "A."

    2.    On June 11, 2008. I utilized the Internet to access the Internet website of the International Mediation and Arbitration Center ("IMAC"). Attached hereto as Exhibit "B" is a true and correct copy of the Rules governing mediations and arbitrations that I acquired from the IMAC Internet website at **www.imc-adr.com.**

I declare under penalty of perjury under the laws of the United States, State of California that the foregoing is true and correct and is executed this 12th day of June, 2008, at Los Angeles, California.

_____
BRUCE A. FIELDS

## DECLARATION OF BRUCE A. FIELDS

I, Bruce A. Fields, declare:

I am associated with the firm of Haney, Buchanan & Patterson, attorneys for Defendant/Petitioner Sunopta Global Organic Ingredients, Inc. and am duly licensed to practice before all the courts in the State of California, and have submitted an application for admission to the U.S. District Court, Northern District. I have personal knowledge of the above-captioned matter and could competently testify thereto if called upon to do so.

1. Upon receiving Plaintiff's Opposition to the Petition for Arbitration and Request for Stay. I e-mailed Plaintiff's counsel requesting that he waive his objection to our failure to provide proper notice pursuant to Local Rule 7-2(a) as we only provided 32 days notice as referenced by Plaintiff's counsel. So that we can proceed with the hearing date of July 1, 2008, counsel agreed to waive the objection in this regard. A true and correct copy of the e-mail memorializing this Agreement is attached hereto as Exhibit "A."

2. On June 11, 2008. I utilized the Internet to access the Internet website of the International Mediation and Arbitration Center ("IMAC"). Attached hereto as Exhibit "B" is a true and correct copy of the Rules governing mediations and arbitrations that I acquired from the IMAC Internet website at **www.imc-adr.com.**

I declare under penalty of perjury under the laws of the United States, State of California that the foregoing is true and correct and is executed this 12th day of June, 2008, at Los Angeles, California.

_____
BRUCE A. FIELDS

REPLY TO MILOS' OPPOSITION OF DEFENDANT SUNOPTA GLOBAL
ORGANIC INGREDIENTS, INC.                 - 7 -

EXHIBIT "A"

STEVEN H. HANEY, SBN 121980
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone:  213-228-6500
Facsimile:   213-228-6501
E-mail:       shaney@hbplaw.com

Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>        Plaintiff/Respondent,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>        Defendant/Petitioner. | CASE NO. C08-02109 PVT<br><br>Hon. Judge Patricia V. Trumbull<br><br>**EXHIBIT "A"<br>IN SUPPORT OF DEFENDANT/PETITIONER'S REPLY TO PLAINTIFF MILOS (1989) LTD.'S OPPOSITION TO ORGANIC INGREDIENTS, INC.'S PETITION FOR AN ORDER COMPELLING ARBITRATION; AND MOTION TO STAY ACTION PENDING ARBITRATION** |

EXHIBIT "A"

## Bruce Fields

**From:** Matthew C. Mickelson [mattmickelson@bizla.rr.com]
**Sent:** Tuesday, June 10, 2008 6:22 PM
**To:** Bruce Fields
**Subject:** Re: Milos v Sunopta

Mr. Fields,

I will waive the notice requirement so that you do not have to re-notice the hearing date.

Matthew Mickelson

> ----- Original Message -----
> **From:** Bruce Fields
> **To:** mattmickelson@bizla.rr.com
> **Cc:** 'Steve Haney' ; 'Denise Ball' ; jbonelli@hbplaw.com
> **Sent:** Tuesday, June 10, 2008 3:39 PM
> **Subject:** Milos v Sunopta
>
> Mr. Mickelson,
>
> We received your opposition. With respect to the reference to Local Rule 7-2 (a), please advise whether you will waive the notice defect forthwith, otherwise, we will re-notice the motion and petition to a date so to provide you with sufficient notice.
>
> Regards,
> Bruce
>
> Bruce A. Fields, PC
> Haney, Buchanan, Patterson, LLC
> 707 Wilshire Blvd. Suite 5350
> Los Angeles, CA 90017
> Telephone: 213-228-6517 (direct line)
> Facsimile: 213-228-6501
> email: bfields@hbplaw.com
>
>
> No virus found in this outgoing message.
> Checked by AVG.
> Version: 7.5.524 / Virus Database: 270.2.0/1494 - Release Date: 6/10/2008 7:22 AM

No virus found in this incoming message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.2.0/1494 - Release Date: 6/10/2008 7:22 AM

6/11/2008

EXHIBIT "B"

STEVEN H. HANEY, SBN 121980
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone: 213-228-6500
Facsimile: 213-228-6501
E-mail:    shaney@hbplaw.com

Attorneys for Defendant/Petitioner
Sunopta Global Organic Ingredients, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD., an Israeli corporation,<br><br>      Plaintiff/Respondent,<br><br>v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., a California corporation,<br><br>      Defendant/Petitioner. | CASE NO. C08-02109 PVT<br><br>Hon. Judge Patricia V. Trumbull<br><br>**EXHIBIT "B"**<br>**IN SUPPORT OF DEFENDANT/PETITIONER'S REPLY TO PLAINTIFF MILOS (1989) LTD.'S OPPOSITION TO ORGANIC INGREDIENTS, INC.'S PETITION FOR AN ORDER COMPELLING ARBITRATION; AND MOTION TO STAY ACTION PENDING ARBITRATION** |

EXHIBIT "B"

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | IMAC - International Mediation & ... | | | | | | | |
| | | | | | | | | |
| Rules & Fees | | | | | | | | |

Print This Page!

IMAC Logo - Small

**COMMERCIAL MEDIATION RULES INDEX**

1. Informal Preliminary Discussion
2. Hearing Rules
3. Commencement of Mediation
4. Appointment of Mediator
5. Representation by Counsel
6. Particulars of Mediation (Date and Location)
7. Mediation Briefs
8. Authority to Settle
9. Authority of Mediator
10. Privacy
11. No Record
12. Enforcement of Agreement
13. Exclusion of Liability

**FEE SCHEDULE INDEX**

1. Case Management Fees
2. Mediator Compensation
3. Payment Schedule
4. Postponement
5. Mediation Facilities
6. Cancellation

Click here to view the Arbitration Rules

**COMMERCIAL MEDIATION RULES**

**1. INFORMAL PRELIMINARY DISCUSSION**

Parties are encouraged to request a conference with IMAC (in person or by telephone) both to discuss an appropriate method for the selection of a mutually agreeable mediator or mediators (hereinafter referred to as "mediator") and any other matters that might facilitate efficient mediation of the dispute.

**2. HEARING RULES**

The mediation shall take place in accordance with these adopted rules, unless the parties have specified another version of the rules. Parties to an IMAC mediation can fashion their own hearing rules geared toward the unique needs of their individual cases, on condition that these rules are consistent with applicable law.

**3. COMMENCEMENT OF MEDIATION**

Any party or parties to a dispute may initiate mediation by submitting to IMAC a written request for mediation pursuant to these rules, and concurrently serving all other parties with copies of the request. The submission to IMAC shall include the appropriate case management fees. The request shall incorporate a concise statement as to the nature of the dispute, and shall also include the names, addresses, and contact numbers of all parties to the dispute in addition to those who will represent them in the mediation, if applicable.

**4. APPOINTMENT OF MEDIATOR**

The parties may mutually designate a mediator from the IMAC list of mediators with or without the assistance of IMAC. Alternatively, upon receipt of a written request by the parties, IMAC will appoint a qualified mediator to serve. Before the mediator is appointed, the parties must agree in writing to pay the mediator hourly rate of compensation.

**5. REPRESENTATION BY COUNSEL**

Counsel may represent any party. The names, addresses and contact numbers of said counsel shall be communicated in writing to all parties and to IMAC.

**6. PARTICULARS OF THE MEDIATION (DATE AND LOCATION)**

The parties and IMAC will agree upon the date, time and place of mediation. Should the parties fail to reach an agreement as to the date, time and/or location of mediation and/or the appointment of a mediator, IMAC and/or the mediator shall determine the particulars, including the mediator for each mediation session.

**7. MEDIATION BRIEFS**

At least 14 calendar days prior to the first scheduled mediation session, each party shall provide the mediator (and, at their discretion, the opposing party) with a concise written mediation brief setting forth their position with regard to the issues requiring resolution.

**8. AUTHORITY TO SETTLE**

If the parties do not have full authority to settle the dispute at the mediation, they must either be accompanied by such person(s) who has such authority or, at the discretion of the mediator, this person(s) must be available telephonically throughout the duration of the mediation.

**9. AUTHORITY OF THE MEDIATOR**

The mediator will attempt to help the parties reach a satisfactory dispute resolution, but does not have the authority to impose a settlement. However, the parties can, in writing, grant the mediator authority to issue a non-binding advisory opinion or, if no settlement can be reached, the parties can consent, in writing, to the mediator rendering a binding opinion.

**10. PRIVACY**

    a. Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

    b. The parties agree that all statements made or information disclosed during the course of the mediation, all statements made or information disclosed to the mediator in private, and all documents submitted to the mediator or prepared by the mediator will be kept confidential by the parties, their attorneys and the mediator, unless agreed by all the parties that such may be disclosed. The parties also acknowledge the provisions of California Evidence Code Sections 1119 and 1120 and Federal Rule of Evidence 408.

    c. All parties and the mediator agree to waive all provisions of California Evidence Code Section 1125.

    d. The privileged character of any information, documents and other material shall not in any way be affected by disclosure to the mediator. The mediator shall not be requested, required or compelled by any party to disclose such matters or to testify in any action or proceeding as to any such matter or to any documents received or prepared by the mediator, or otherwise communicated to the mediator in confidence.

**11. NO RECORD**

There shall be no stenographic, visual or audio record of the mediation process, and no person shall tape record any portion of the mediation session. No subpoenas, summons, complaints, citations, writs or other processes may be served by any party at or near the site of the mediation session upon any person with an interest in the mediation.

**12. ENFORCEMENT OF AGREEMENT**

Any Agreement reached by the parties may be introduced in any judicial proceeding to enforce that Agreement.

**13. EXCLUSION OF LIABILITY**

The mediator and IMAC shall not be liable for any act or omission in connection with any mediation conducted under these rules, except that they may only be liable for the consequences of conscious and deliberate wrongdoing.

## FEE SCHEDULE

**1. CASE MANAGEMENT FEES**

A non-refundable fee will be charged to each party for the arrangement, scheduling, management and administering of the mediation as well as all necessary follow up support. The amounts of these fees are available upon request.

## 2. MEDIATOR COMPENSATION

The mediator hourly or daily rates vary dependent upon the mediator appointed to each individual case. These rates are available upon request and, in addition to scheduled hearing time, may include various services such as additional session time and conferences, research time and time devoted to the preparation of written agreements, decisions, orders and awards.

## 3. PAYMENT SCHEDULE

The non-refundable case management fee must be paid upon the filing of the written request for mediation. Mediator compensation must be paid in full 30 calendar days prior to the scheduled commencement of mediation. If such payments are not made, IMAC may suspend or terminate the proceedings.

## 4. POSTPONEMENT

A fee of $100 in addition to any other costs incurred by the postponement is payable by a party causing a postponement of any mediation scheduled before a single mediator, or $150 if scheduled before a multi-mediator panel.

## 5. MEDIATION FACILITIES

Rooms for hearings are available on a rental basis and the rates will be determined according to the location and length of process. The fees for hearing room rental are to be paid in advance.

## 6. CANCELLATION

If a mediation hearing is cancelled 30 calendar days or more from the scheduled hearing date, mediator compensation will be refunded in full. If a mediation hearing is cancelled less than 30 calendar days but more than 14 calendar days before the scheduled hearing date, 70% of the mediator compensation will be refunded. If a mediation hearing is cancelled less than 14 calendar days but more than 7 calendar days before the scheduled hearing date, 50% of the mediator compensation will be refunded. If a mediation hearing is cancelled 7 calendar days or less before the scheduled hearing date, 25% of the mediator compensation will be refunded.

---

**COMMERCIAL ARBITRATION RULES INDEX**

1. Scope of Rules
2. Initiation of Arbitration
3. Fast Track Rules
4. Notices
5. Appointment of Arbitrators
6. Particulars of the Arbitration (Date and Location)
7. Arbitration Briefs

8. Witnesses
9. Challenge and Replacement of Arbitrators
10. Arbitration Hearing
11. Orders and Awards
12. Costs and Fees
13. Enforcement of the Award
14. Exclusion of Liability


**FEE SCHEDULE INDEX**

1. Case Management Fees
2. Arbitrator Compensation
3. Payment Schedule
4. Postponement
5. Arbitration Facilities
6. Cancellation

## COMMERCIAL ARBITRATION RULES

**1. SCOPE OF RULES**

The arbitration shall take place in accordance with these adopted rules, unless the parties have agreed to modify these rules or have specified another version of the rules. Parties to an IMAC arbitration may agree on any rules or procedures to fit the specific needs of their individual cases, insofar as they are consistent with applicable law. If any of the rules or a modification of these rules agreed on by the parties is determined to be in conflict with a provision of applicable law, the provision of law will govern and no other rule will be affected.

**2. INITIATION OF ARBITRATION**

a. The party or parties (herein after referred to as "party") to a dispute may initiate arbitration by submitting a written Demand for Arbitration to IMAC and the other party together with the appropriate case management fees.

b. The written demand shall include a statement as to the nature of the dispute and a demand that it be referred to binding arbitration. The statement shall also include references to any relevant contracts between the parties and the arbitration clause or agreement invoked; description of claim and supporting facts; amount of claim; and the names and contact information of all parties to the dispute in addition to those who will represent them in the arbitration, if applicable. Provided that the responding party has agreed to arbitrate the dispute through IMAC and is in receipt of the written Demand for Arbitration, the responding party shall submit their defense and any counterclaim to IMAC and the other party within 20 calendar days. Any party that is a recipient of a counterclaim may reply to such counterclaim within 20 calendar days of receipt of the counterclaim.

c. The arbitrator, or IMAC if the arbitrator has not been appointed, may extend any of the time limits. The term "arbitrator" in these rules shall mean the arbitrator or a three-arbitrator tribunal.

**3. FAST TRACK RULES**

By agreement of the parties or when there is a real need for urgency, IMAC can provide arbitrators who will hear a dispute as soon as the parties are ready to be heard. Such arbitrations may be heard, where necessary, within a matter of days with a minimum of preliminary formalities. The arbitrator will be selected, in consultation with the parties, for immediate availability, as well as suitable expertise. Any preliminary directions for fast track arbitrations will normally be given by telephone. The parties will be expected to respond quickly to any step that is required by the arbitrator.

### 4. NOTICES

All notices, statements and written communications supplied to the arbitrator by one party shall simultaneously be communicated to all other parties by personal service, mail, facsimile transmission or other written forms of electronic communication. All notices, statements and written communications shall be addressed to the representative of the party or, if not represented, directly to the party.

### 5. APPOINTMENT OF ARBITRATORS

   a. One neutral arbitrator shall conduct the arbitration, unless all parties agree otherwise.

   b. The parties may mutually agree upon an arbitrator from the IMAC list of arbitrators. IMAC is available to assist in this process. When such agreement is reached, the parties shall notify IMAC so that the appointment can be made by IMAC. If the parties cannot select an arbitrator, or in a three arbitrator tribunal the presiding arbitrator, IMAC shall appoint the arbitrator and, if appropriate the presiding arbitrator. Before the arbitrator is appointed, the parties must agree in writing to pay the arbitrator hourly rate of compensation.

   c. No party or anyone acting on their behalf shall have any ex parte communication relating to the case with the appointed arbitrator, except by agreement of the parties and the arbitrator.

### 6. PARTICULARS OF THE ARBITRATION (DATE AND LOCATION)

The parties and IMAC will agree upon the date, time and place of arbitration. Should the parties fail to reach an agreement as to the date, time and/or location of arbitration and/or the appointment of an arbitrator, IMAC and/or the arbitrator shall determine the particulars, including the arbitrator for each arbitration hearing.

### 7. ARBITRATION BRIEFS

At the discretion of the arbitrator, at least 14 calendar days prior to the first scheduled arbitration hearing, each party may be required to provide the arbitrator with a concise written arbitration brief setting forth their position with regard to the facts and evidence in support of the requested award or denial of the relief sought. Any statements in reply or in addition to the arbitration briefs may be permitted or required at the discretion of the arbitrator. At any time during the proceedings, the parties may be ordered to produce documents, exhibits or other evidence the arbitrator deems necessary or appropriate.

### 8. WITNESSES

At least 20 calendar days before the arbitration hearing, the parties shall notice in writing the arbitrator and the other party the names and addresses of the witnesses they intend to present and the subject of their testimony. If any of the witnesses are testifying in a language other than English, the party calling such witness must provide an interpreter at the party's own expense.

### 9. CHALLENGE AND REPLACEMENT OF ARBITRATORS.

   a. At any point in the course of the arbitration process, parties may challenge the appointment or continued service of an arbitrator for just cause. In the event a case is already in the hearing stage, a challenge contesting the continuing service of the arbitrator must be based upon information that was not available to the parties at the time the arbitrator was selected.

   b. In the event that an arbitrator is unable to fulfill an assignment due to withdrawal or removal after a challenge, illness, death or any other unforeseen circumstances, IMAC shall appoint a successor arbitrator pursuant to the provisions of Rule 5, unless the parties agree otherwise.

   c. If after the commencement of proceedings an arbitrator on a three-person arbitral tribunal is unable to continue, the two remaining arbitrators may at their discretion elect to continue the

    arbitration to its conclusion. In the event that the two remaining arbitrators elect not to continue proceedings without the participation of a third arbitrator, the parties will select a successor. If the parties cannot select a successor arbitrator, IMAC shall make this appointment.

    d. In the event that IMAC has to appoint a successor arbitrator, the arbitral tribunal shall determine at its sole discretion whether all or part of any prior hearings shall be repeated.

### 10. ARBITRATION HEARING

    a. Counsel may represent any party in the arbitration proceedings.

    b. The authority to rule on and determine all jurisdictional and arbitrational issues rests solely with the arbitrator, who shall apply the substantive law or rules of law designated in writing by the parties as applicable to the dispute. Failing such a written designation by the parties, the arbitrator shall apply such law or rules of law as the arbitrator determines to be appropriate.

    c. The arbitration proceedings may be conducted in any manner the arbitrator deems appropriate, providing it is in accordance with IMAC's rules or any agreed modifications thereto.

    d. Each party shall have the burden of proving the facts relied on to support their claim, counterclaim or defense. The arbitrator shall determine the admissibility, relevance, materiality and weight of the evidence offered by any party, and the arbitrator shall determine the order of proof, which may be similar to that of a court trial. The arbitrators may at the arbitrator's discretion consider relevant recorded deposition testimony and witness affidavits, whether or not attended and cross-examined by opposing parties. Any portion of the hearing may be conducted by telephone with the agreement of the parties or in the discretion of the arbitrator.

    e. The arbitrator may require any witnesses not be present during the testimony of other witnesses and may determine the manner in which witnesses are examined.

    f. At the arbitration hearing, the parties may present expert witnesses to testify on the matters at issue. However, if the arbitrator determines that an independent expert is required to properly adjudicate the issues before it, the arbitrator, at the parties expense to be borne equally, may appoint one or more independent experts to report in writing on specific issues designated by the arbitrator.

    g. If a party fails to appear at the arbitration hearing without showing sufficient cause for such failure, the arbitrator may proceed with the arbitration hearing. If a party invited to produce evidence or take any other steps in the proceedings fails to do so within the time established by the arbitrator without showing sufficient cause for such failure, the arbitrator may make the award on the evidence before it.

### 11. ORDERS AND AWARDS

    a. In addition to the final award, the arbitrator may make any interim, interlocutory, or partial orders and awards the arbitrator deems necessary, including orders for specific performance and injunctive relief for the protection or conservation of property and goods. The arbitrator may award pre and/or post award interest, taking into consideration the contract and applicable law.

    b. When there is more than one arbitrator, any award, decision or ruling shall be made by a majority of the arbitrators.

    c. Awards shall be made in writing and served on the parties within 30 calendar days of the conclusion of the arbitration hearing and shall be final and binding on the parties, subject to the right to request a clarification or correction of the Award and any right to judicial review. The arbitrator shall state the reasons upon which the award is based, unless the parties have agreed that no reasons need be given. An award may be made public only with the consent of all parties or as required by law.

d. Within 14 calendar days after the receipt of an Award, any party may serve upon the other parties and IMAC a request that the arbitrator clarifies the Award or corrects any errors or makes an additional Award as to claims presented but omitted from the award. A party opposing such correction, clarification or modification shall have 7 calendar days in which to file any objection. The arbitrator may make any necessary correction, clarification or modification to the Award within 14 calendar days of receiving the request.

## 12. COSTS AND FEES

If appropriate under applicable law, by contract or the agreement of the parties, the arbitrator may assess the costs of arbitration in its award. Such costs may include the fees and expenses of the arbitrators; the costs of assistance required by the arbitral tribunal including its experts; the fees and expenses of IMAC; the reasonable costs for legal representation of the prevailing party; and any such costs incurred in connection with an application for interim or emergency relief.

## 13. ENFORCEMENT OF THE AWARD

Any proceedings to enforce, confirm, modify or vacate an Award will be according to the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. or applicable state law.

## 14. EXCLUSION OF LIABILITY

The arbitrator and IMAC shall not be liable for any act or omission in connection with the arbitration proceedings conducted under these rules, except only that they may be liable for the consequences of conscious and deliberate wrongdoing.

## FEE SCHEDULE

### 1. CASE MANAGEMENT FEES

A non-refundable fee will be charged to each party for the arrangement, scheduling, management and administering of the arbitration as well as all necessary follow up support. The amounts of these fees are available upon request.

### 2. ARBITRATOR COMPENSATION

The arbitrator hourly or daily rates vary dependent upon the arbitrator appointed to each individual case. These rates are available upon request and, in addition to scheduled hearing time, may include various services such as additional session time and conferences, research time and time devoted to the preparation of written agreements, decisions, orders and awards.

### 3. PAYMENT SCHEDULE

The non-refundable case management fee must be paid upon the filing of the written Demand for Arbitration. Arbitrator compensation must be paid in full 30 calendar days prior to the scheduled commencement of arbitration. If such payments are not made, IMAC may suspend or terminate the proceedings.

#### 4. POSTPONEMENT

A fee of $100 in addition to any other costs incurred by the postponement is payable by a party causing a postponement of any arbitration scheduled before a single arbitrator, or $150 if scheduled before a multi-arbitrator panel.

#### 5. ARBITRATION FACILITIES

Rooms for hearings are available on a rental basis and the rates will be determined according to the location and length of process. The fees for hearing room rental are to be paid in advance.

#### 6. CANCELLATION

If an arbitration hearing is cancelled 30 calendar days or more from the scheduled hearing date, arbitrator compensation will be refunded in full. If an arbitration hearing is cancelled less than 30 calendar days but more than 14 calendar days before the scheduled hearing date, 70% of the arbitrator compensation will be refunded. If an arbitration hearing is cancelled less than 14 calendar days but more than 7 calendar days before the scheduled hearing date, 50% of the arbitrator compensation will be refunded. If an arbitration hearing is cancelled 7 calendar days or less before the scheduled hearing date, 25% of the arbitrator compensation will be refunded.