UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILOS (1989) LTD.,<br><br>  Plaintiff,<br><br>  v.<br><br>SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC.,<br><br>  Defendant. | Case No.: C 08-2109 PVT<br><br>**ORDER GRANTING DEFENDANT'S PETITION TO COMPEL IMAC MEDIATION AND, IF NECESSARY, ARBITRATION; AND**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE** |

On May 30, 2008, Defendant filed a Petition for Order Compelling Arbitration and a Motion to Stay Action Pending Arbitration.[1] Plaintiff opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. The parties have both consented to Magistrate Judge jurisdiction. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that Defendant's petition and motion are both GRANTED.

Plaintiff has not established that Defendant waived its right to arbitrate the parties' dispute. In order to establish a waiver, Plaintiff would have to show that, among other things, Defendant acts were inconsistent with its right to arbitrate, and Plaintiff suffered prejudice as a result of those

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1  inconsistent acts.  *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).
2  Plaintiff has not made a sufficient showing under *Britton* to warrant a finding of waiver in this case.
3  Defendant has consistently expressed its willingness to comply with the mediation and arbitration
4  requirements of the parties' contract.  And Plaintiff has neither shown, nor even articulated, any
5  prejudice resulting from any delay in proceeding with mediation and arbitration.

6        Nor has Plaintiff shown that Defendant breached its agreement to first mediate, and then if
7  necessary arbitrate, the parties' dispute.  *Cf. Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005)
8  (denying motion to compel arbitration where employer breached arbitration agreement by expressly
9  refusing to arbitrate, failing to submit to AAA its portion of the fees, and failing to respond to
10 AAA's attempts to arrange for the arbitration).  Plaintiff has never initiated mediation pursuant to the
11 rules of the International Mediation and Arbitration Center (IMAC), as required by the parties'
12 contract.  The plaintiff in *Brown* took proper steps to initiate the contractually agreed upon
13 arbitration, and tendered her portion of the fee to the arbitrator.  Here, Plaintiff's failure to take
14 proper steps to initiate the IMAC mediation, and its failure to submit its portion of the fees,
15 distinguishes this case from *Brown*.  Until Plaintiff initiates the IMAC mediation, Defendant has no
16 contractual obligation to proceed with the mediation (and then arbitration if the mediation is
17 unsuccessful).  Because Defendant has not breached the parties' contract, *Brown v. Dillard's, Inc.*,
18 430 F.3d 1004 (9th Cir. 2005) is simply inapplicable to the present action.

19       IT IS FURTHER ORDERED that this action is STAYED pending the IMAC mediation and,
20 if necessary, arbitration of the parties' dispute.

21       IT IS FURTHER ORDERED that the parties shall submit status reports every 180 days,
22 beginning December 12, 2008.

23 Dated: *6/26/08*

24  

25 PATRICIA V. TRUMBULL
   United States Magistrate Judge

26

27

28

ORDER, *page 2*